

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 2, 1939

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-806
Re: Transfer of scholastics

We are in receipt of your letter of May 25, 1939, in which you request the opinion of this department upon the following question:

May children who have been enumerated in one school district and who move into another school district be transferred to such district before August 1?

Article 2922f (1) and 2904a, Revised Civil Statutes, 1925, provide for the transfer of children for high school purposes where their grade is not taught in the district of their residence.

Article 2816, Revised Civil Statutes, 1925, provides that, "the census trustee between the 1st day of March and the 1st day of April after his appointment shall take a census of all the children that will be over seven and under eighteen years of age on the 1st day of the following September, and who are residents of the school district on said first day of April."

Article 2696, Revised Civil Statutes, 1925, provides as follows:

"Any child lawfully enrolled in any district or independent district, may by order of the county superintendent, be transferred to the enrollment of any other district or independent district in the same county upon a written application of the parent or guardian or person having lawful control of such child, filed with the county superintendent; provided that any district or independent district being dissatisfied with any transfer made by the county superintendent may appeal from such action

to the county board of trustees of said county who shall have the right to annul and cancel the transfer allowed by the county superintendent.

"The applicant shall state in said application that it is his bona fide intention to send said child to the school to which the transfer is asked.

"Upon the certification of the transfer of any child, from one district to another district, by the county superintendent of the county in which the child resides at the time of the transfer, the State Department of Education shall authorize the State Treasurer to pay over directly the per capita apportionment, in independent districts of five hundred (500) or more scholastic population, to the district to which such child is transferred; and in all other districts, to county superintendents, to be paid by him to the respective districts to which such children are transferred; provided, no transfer shall be made after August 1st."

Article 2697, Revised Civil Statutes, 1925, reads as follows:

"Any child specified in the preceding article, and its portion of the school fund, may be transferred to an adjoining district in another county, in the manner provided in said article. It must be shown to the county superintendent that the school in the district in which such child resides, on account of distance or some uncontrollable and dangerous obstacle, is inaccessible to such child."

Article 2699, Revised Civil Statutes, 1925, contains the following provision:

"Except as herein provided, no part of the school fund apportioned to any district or county shall be transferred to any other district or county; . . ."

The only requirements of the general transfer statutes are that the child be lawfully enrolled in one district; written application for transfer shall be made by the parent or guardian or person having lawful control of the child, and shall be filed with the county superintendent; the application shall state that it is the bona fide intention of the applicant to send the child to school in the district to which the transfer is asked. Article 2696 only authorizes transfers between districts within the same county.

Hon. T. .. Trimble, June 2, 1939, page 3

Article 2697 permits the transfer of a scholastic from one county to an adjoining district in another county under certain circumstances. The transfer must be made before August first.

The provisions of these statutes are clearly broad enough to include transfers of children whose families are moving into another district. The statute requires no reason to be given except that the applicant has a bona fide intention to send the child to school in another district.

We call attention to the provisions of Article 2696 which give the right of appeal by a school district to the county board, which board may cancel and annul the action of the county superintendent in making the transfer. As we view the question presented it is by and large an administrative matter.

It is our opinion that the county superintendent may transfer scholastics upon proper application, from one district to another district within the same county, or to an adjoining district in another county under certain circumstances, prior to August first, although such scholastics move into the district and establish a residence.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:E

APPROVED

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN